UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ROBERT CORY,

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC. and
JOHN DOE.

    Defendants.

_____/

# COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") and alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331. <u>Mims v. Arrow Fin. Servs. LLC,</u> 132 S. Ct. 740 (U.S. 2012). This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, NCO FINANCIAL SYSTEMS, INC., ("NCO") placed telephone calls into this District.

## PARTIES

3. Plaintiff, ROBERT CORY ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, NCO, is subject to the provisions of Fla. Stat. 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.55(1).

5. Defendant, NCO, is a corporation with its principal place of business at 507 PRUDENTIAL ROAD, HORSHAM, PA 19044.

6. Defendant, NCO, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant, NCO, regularly collects or attempts to collect debts for other parties.

8. Defendant, NCO, is a "debt collector" as defined in the FDCPA.

9. Defendant, NCO, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

10. Defendant, John Doe, is a business entity, which is the creditor on whose behalf, NCO, was attempting to collect an alleged debt.

11. Because John Doe is the creditor on whose behalf NCO placed the calls, it is jointly and severally liable to Plaintiff with respect to the

alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

## FACTUAL ALLEGATIONS

12. The Debt arose from services provided by John Doe which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. §1692a(5)

13. Plaintiff is a consumer as defined under the FDCPA.

14. On or about Feb 10, 2014, Defendant called Plaintiff, acting on behalf of or at the request of John Doe, on his cellular phone with a pre-recorded message and/or using an Automated Telephone Dialing System ("ATDS") leaving the following pre-recorded message:

> …5775.  Our hours are Monday through Thursday, 8am through 7pm and Friday 8am through 4pm.  Again please call Alex Smith at 1-866-698-5775.  Thank you.  NCO Financial Systems is a debt collection company, this is an attempt to collect a debt and any information obtained will be used …

Defendant left other messages (collectively known as "the messages").

15. Defendant's February 10, 2014, communication failed to inform Plaintiff of the caller's identity.

16. Defendant's February 10, 2014, communication failed to explain the purpose of their call.

17. The phone calls placed by Defendant, NCO, were "communications" as defined by 15 U.S.C 1692a(2).  See <u>Baker v. Allstate Fin. Servs., Inc.</u>, 554 F. Supp. 2d 945 (D. Minn. 2008); <u>Berg v. Merchs, Ass'n Collection Div.</u>, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

18. Plaintiff instructed Defendant to stop the phone calls.

19. None of Defendants telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

20. Defendants willfully or knowingly violated the TCPA.

### COUNT I
### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING THE NCO RECOVERY ASSOCIATES, INC., AND JOHN DOE

21. Plaintiff incorporates Paragraphs 1 through 20.

22. Defendant NCO, or others acting at its request, on behalf of John Doe, placed non-emergency telephone calls to Plaintiff's cellular

telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, NCO, and DOE for:

    a.    Damages;

    b.    a declaration that Defendants calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO PROVIDE MEANINGFUL DISCLOSURE OF CALLER'S IDENTITY 15 USC 1692(d)

23.    Plaintiff incorporates Paragraphs 1 through 20.

24.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose it name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C. 1692(d)(6).  See <u>Valencia v. The Affiliated Group, Inc.</u>, Case No. 07-61381-Civ-Marra/Johnon, 2008 U.S. Dist. Lexis 73008, (S.D. Fla., September 23, 2008); <u>Wright v. Credit Bureau of Georgia, Inc.</u>,

548 F. Supp. 591, 593 (D. Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs</u>., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## FAILURE TO PROVIDE MEANINGFUL DISCLOSURE OF CALL

25.    Plaintiff incorporates Paragraphs 1 through 20.

26.    Defendant failed to disclose in the telephone call of Feb 10, 2014 that it is a debt collector in violation of 15 U.S.C. §1692e(11). See <u>Foti v. NCO Fin. Sys</u>., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and <u>Leyse v. Corporate Collection Servs</u>., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

>LAWRENCE D. FELDER, ESQ.
>1840 SE 1St Ave.
>Ft. Lauderdale, FL 33316
>Telephone: 954-524-8808
>lawrencefelder@outlook.com

By: s/ Lawrence D. Felder
  Lawrence D. Felder, Esq.
  Florida Bar No. 204498